KIESELE v. HAAS and another.

(*Circuit Court, S. D. New York.* November 25, 1887.)

1. PATENTS FOR INVENTIONS—ANTICIPATION—STATUARY.
    Letters patent No. 190,769 of May 15, 1877, to August Kiesele for a new and
    improved composition for casting ornamental figures consisting of paraffine,
    stearine, and pulverized sugar, is not anticipated by the patent of March 5,
    1872 to Henry Hirsch, the compound covered by which consists of paraffine,
    bees-wax, and gypsum.

2. SAME—ANTICIPATION—OFFER TO PROVE.
    Where a witness called to prove prior use is objected to before the examiner,
    on the ground that the answer does not conform to the requirements of Rev.
    St. U. S. § 4920, relating to proof of prior use, and the answer is not amended
    in that respect, the testimony of the witness will not be considered on the
    hearing.

3. SAME—INFRINGEMENT—PROOF.
    Complainant proved the purchase from defendants at their business estab-
    lishment of two statuettes which the clerk who made the sale stated at the
    time were manufactured by defendants. An examination of a piece of one
    of the statuettes disclosed the ingredients of the composition covered by the
    patent, and nothing else. Defendants admitted the sale, but claimed that al-
    though they did not know what the statuettes sold were made of, the statu-
    ettes did not contain the patented composition. *Held,* that the evidence es-
    tablished infringement.

In Equity.

*Arthur v. Briesen,* for the complainant.

*Charles F. Holm,* for the defendants.

COXE, J. On the fifteenth of May, 1877, letters patent No. 190,769
were granted to the complainant for a new and improved composition
for casting ornamental figures consisting of paraffine, stearine, and pul-
verized sugar.

The defenses are non-infringement and want of novelty. The com-
plainant proved the purchase from the defendants at their business es-
tablishment of two statuettes made in imitation of Bartholdi's "Liberty,"
it being stated at the time by the employe who made the sale that they
were manufactured by the defendants. A piece of one of these statuettes
was analyzed, and was found to contain the ingredients of the patent and
nothing else. The defendants admit that the infringing figures "seem
to be" made by them, but they assert generally that they do not use the
complainant's composition. When, however, they are asked if these
figures contain the ingredients of the patent they answer that they do
not know. The denial, in substance, is this: Although the defendants
do not know what the statuettes sold by them are made of, they do know
that these statuettes do not contain paraffine, stearine, and sugar. A
denial so vague, illogical, and incomplete, in circumstances like the pres-
ent, amounts almost to a confirmation of the proof which it is intended
to overthrow.

One witness was called to prove prior use, but as there is no allegation
in the answer under which the testimony is admissible, (section 4920,

Rev. St.,) the court is not at liberty to consider it. The objection was taken before the examiner, and the defendants were thus notified at the earliest possible moment of the complainant's position, and yet no motion to amend the answer was addressed to the court.

The patent granted to Henry Hirsch, March 5, 1872, does not anticipate the complainant's patent or affect it in the remotest degree. The compound covered by the Hirsch patent consists of paraffine, bees-wax, and gypsum.

The complainant is entitled to the usual decree.